UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALTER B. WHITE, JR., | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-1052-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Walter B. White, Jr., a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for kidnapping under Case No. 49G05-1511-F2-39758. Following a trial, on December 19, 2016, the Marion Superior Court sentenced him to twenty-four years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* In the petition, White asserts ineffective assistance of counsel claims and indicates that his State post-conviction relief proceedings in the Marion Superior Court remain pending. Therefore, he has not exhausted State court remedies with respect to his claims. Until he does so, he cannot obtain federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice, but White may file another habeas petition in federal court after exhausting his available State court remedies. Further, because his State court proceedings remain pending, the one-year limitations period is tolled, and it is not necessary to stay this case. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging White to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Walter B. White, Jr., a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 8, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT